**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NICOLE STEWART, also known as
Tina Wilson, also known as LeShell
Town,

      Defendant-Appellant.

Case No. 96-3356

(D.C. 95-CR-20086)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

Nicole Stewart appeals from her sentence for conspiracy to distribute

cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The

sole basis for Ms. Stewart's appeal is that her sentence is disparate from those of

her co-conspirators and, therefore, in conflict with the sentencing guidelines' goal

of lessening sentencing disparities between similarly situated defendants. In

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

United States v. Allen, 24 F.3d 1180, 1188 (10th Cir. 1994), we rejected a defendant's contention that the goal of the sentencing guidelines was frustrated when his codefendant received a lesser sentence but the defendant's sentence fell within the applicable guideline range. Ms. Stewart attempts to distinguish Allen by claiming that her sentence fell outside the applicable guideline range. It did not. In exchange for her cooperation, the government requested a downward departure for Ms. Stewart of at least four levels. The district court granted the departure and sentenced Ms. Stewart to forty-six months, the lowest possible sentence within the adjusted, applicable guideline range.

Additionally, the transcript of Ms. Stewart's sentencing hearing reveals that the district judge did in fact consider the sentences and crimes of her co-conspirators and gave Ms. Stewart a sentence harsher than theirs because she was more culpable. The district court's decision was amply supported by the record and legally correct. See id. at 1189. We affirm. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge